IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAUL DONNELL TAYLOR,
No. N-72159,

Petitioner,

vs.                                          Case No. 16-cv-834-DRH

STEPHEN DUNCAN,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Petitioner, a state prisoner currently incarcerated in Lawrence Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

      The petition was filed on July 22, 2016. Petitioner challenges his Cook County conviction in Case No. 14-CR-13669 for criminal damage to government property, for which he received an extended term sentence of six years. Petitioner was found guilty following a jury trial, and sentence was imposed on October 30, 2015 (Doc. 1, p. 1).

      Petitioner notes that he filed an appeal from the judgment of conviction, docketed with Case Number "15-1-1557," and that he is "still awaiting" a result from the appellate court (Doc. 1, p. 2; see also Doc. 1, p. 9). He raised issues of ineffective assistance of counsel and excessive sentence. He also states that he filed a post-conviction or habeas corpus challenge regarding his sentencing, and is

waiting for action on that matter (Doc. 1, p. 3). Additional issues raised by petitioner in one or more of those proceedings include that the trial judge did not appoint counsel for him, after having allowed petitioner to represent himself because of the ineffectiveness of prior appointed counsel (Doc. 1, p. 4). It may be that this denial of counsel refers to a request for counsel to represent him in the post-conviction challenge, which petitioner references later in his pleading (Doc. 1, p. 7). However, that issue is not clear from the pleading.

As to the status of his state-level challenges to the conviction and sentence, petitioner notes that his appeal to the highest state court is "still in process" (Doc. 1, p. 5). He later adds, "I am attempting to go to the Supreme Court of Ill. However, the circuit court will not render a decision" (Doc. 1, p. 7).

The grounds petitioner raises in this action include: (1) Actual innocence, because an officer beat him and kept him cuffed in the police lockup for three hours (Doc. 1, p. 8); and (2) Misconduct of the trial judge, who refused to appoint counsel for petitioner, would not reconsider the decision, and would not recuse himself (Doc. 1, pp. 10-11). He also references "reasonable doubt" and claims that in the proceeding where he represented himself, he was not informed he would be subject to an extended term (Doc. 1, p. 13). He includes correspondence in which he complained about having been handcuffed in the courtroom because of an argument with his public defender (Doc. 1, p. 14). Also attached is a partial transcript of the proceeding in which petitioner requested, and was granted permission, to represent himself (Doc. 1, pp. 15-18).

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to

present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

By his own description, petitioner's appeal of his conviction is still pending before the state appellate court. In the event his appeal does not succeed, he will have the opportunity in the future to seek review from the Illinois Supreme Court. Additionally, he may have a pending motion for post-conviction relief. If petitioner were to obtain relief from the state courts on the issues he has raised on appeal, review by this Court would be unnecessary. In any case, it is premature to bring his claims in federal court at this time. Until petitioner fully completes the state appellate review process, his claims remain unexhausted. Further, petitioner has not made any showing of cause and prejudice for the failure to exhaust his state court remedies on this matter.

## Disposition

For the reasons stated above, the instant habeas petition is **DISMISSED** without prejudice. If necessary, petitioner may re-file his claims raised herein after his state court remedies are fully exhausted, so long as he does so within the applicable time limits. *See* 28 U.S.C. § 2244(d)(1).

All pending motions are **DENIED AS MOOT.**

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues

petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

## Certificate of Appealability

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. See FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed,

*Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner is not entitled to relief at this time because he has not yet exhausted his state court remedies. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: November 30, 2016**

Digitally signed by
Judge David R. Herndon
Date: 2016.11.30
13:23:19 -06'00'

**United States District Judge**